FILED

JUN 1 2 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY JEROME WILKES,

        Plaintiff,               No. CIV S-02-0952 FCD DAD P

    vs.

SACRAMENTO SHERIFF
DEPARTMENT, et al.,

        Defendants.       ORDER
_____/

        Plaintiff is a jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        By an order filed in this action on May 8, 2002, plaintiff was directed to file a new in forma pauperis application in this case.  By an order filed on May 16, 2002, in Wilkes v. Scully, case No. CIV S-02-0925 WBS GGH P, plaintiff was directed to file a new in forma pauperis application in that case, as well.  On May 29, 2002, the court received from plaintiff a new in forma pauperis application that does not bear a case number.  The application has been filed in case No. CIV S-02-0925, and a copy of it has been filed in case No. CIV S-02-0952.  The May 29, 2002 in forma pauperis application includes proper certification by jail officials and a

6

1  certified jail trust account statement.  The undersigned will take judicial notice of the fact that the

2  original application is on file in case No. CIV S-02-0925.  Plaintiff's application makes the

3  showing required by 28 U.S.C. § 1915(a) and plaintiff's request to proceed in forma pauperis in

4  this case will be granted.

5          Plaintiff is cautioned that all documents submitted for filing in this court

6  subsequent to the filing of this order must include the case number of the case in which the

7  document is to be filed.  Plaintiff is advised that he may not submit a document captioned for

8  filing in both cases.  It is plaintiff's responsibility to file documents in the correct case.

9          Plaintiff is informed that an inmate is required to pay the statutory filing fee of

10  $150.00 for each action he files.  See 28 U.S.C. §§ 1914(a) and 1915(b)(1).  An initial partial

11  filing fee of $8.00 will be assessed by this order for the filing fee in this case.  See 28 U.S.C.

12  § 1915(b)(1).  By separate order, the court will direct jail officials to collect the initial partial

13  filing fee of $8.00 from plaintiff's jail trust account and forward it to the Clerk of the Court.

14  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

15  month's income credited to plaintiff's jail trust account.  These payments are to be forwarded by

16  jail officials to the Clerk of the Court each time the amount in plaintiff's trust account exceeds

17  $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

18          The court is required to screen complaints brought by prisoners seeking relief

19  against a governmental entity or against an officer or employee of a governmental entity.  See 28

20  U.S.C. § 1915A(a).  The court must dismiss a complaint or part of it if the prisoner has raised

21  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

22  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

23  U.S.C. § 1915A(b)(1) and (2).

24          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

26  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1   indisputably meritless legal theory or where the factual contentions are clearly baseless. See

2   Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however

3   inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639,

4   640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

5        A complaint, or a claim, should not be dismissed for failure to state a claim upon

6   which relief may be granted unless it appears beyond doubt that plaintiff can prove no set of facts

7   in support of the claim or claims that would entitle him to relief. See Hishon v. King &

8   Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289,

9   1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true

10  the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738,

11  740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff

12  and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421

13  (1969).

14        The Civil Rights Act under which this action was filed provides as follows:

15        Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the
16        deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at
17        law, suit in equity, or other proper proceeding for redress.

18  42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of the

19  defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.

20  Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

21        "A person 'subjects' another to the deprivation of a constitutional right, within the

22  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

23  omits to perform an act which he is legally required to do that causes the deprivation of which

24  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory

25  personnel are generally not liable under § 1983 for the actions of their employees under a theory

26  of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

3

1  causal link between him and the claimed constitutional violation must be specifically alleged.

2  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

3  (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

4  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

5  266, 268 (9th Cir. 1982).

6          Plaintiff alleges that Officers Ross, Albee, and Green set him up for a fight and

7  failed to protect him from another inmate who beat plaintiff up one day when plaintiff came back

8  from a visit to a doctor.  The court finds that plaintiff's complaint states cognizable claims for

9  relief against defendants Ross, Albee, and Green pursuant to 42 U.S.C. § 1983 and 28 U.S.C.

10  § 1915A(b).  If the allegations of the complaint concerning these defendants are proven, plaintiff

11  has a reasonable opportunity to prevail on the merits of this action.

12          Plaintiff has not alleged facts linking the Sacramento County Sheriff's

13  Department to the claimed civil rights violations, and he has not alleged that the violations

14  occurred pursuant to county policy.  See Canton v. Harris, 489 U.S. 378, 389-90 (1989)

15  (municipal liability is permitted under § 1983 only where official policy is the "moving force"

16  behind the constitutional violation); City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985) (an

17  unconstitutional policy cannot be proved by proof of a single incident "unless proof of the

18  incident includes proof that it was caused by an existing unconstitutional policy").  See also

19  Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978).  The court finds that

20  plaintiff's complaint does not state a cognizable claim for relief against the Sacramento County

21  Sheriff's Department.

22          Plaintiff alleges that "the certification team . . . mess my right hand and wrist up

23  badly" and it "cracks and pops in pain a lot."  Plaintiff has not named the members of the team or

24  alleged any facts concerning their actions.  The court finds that plaintiff's complaint does not

25  state a cognizable claim for relief against the "certification team" or any individual member of

26  the team.

1   Accordingly, IT IS HEREBY ORDERED that:

2   1.  Plaintiff's May 29, 2002 application to proceed in forma pauperis is granted.

3   2.  Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.

4   Plaintiff is assessed an initial partial filing fee of $8.00.  All fees shall be collected and paid in

5   accordance with this court's order to the Commander of the Sacramento County Jail, or his or her

6   designee, filed concurrently herewith.

7   3.  Service is appropriate for the following defendants:  Deputy Ross, Deputy

8   Albee, and Deputy Green.

9   4.  The Clerk of the Court shall send plaintiff three USM-285 forms, one

10  summons, an instruction sheet, and a copy of the complaint filed April 30, 2002.

11  5.  Within thirty days from the date of this order, plaintiff shall complete the

12  attached Notice of Submission of Documents and submit the following documents to the court:

13  a.  The completed Notice of Submission of Documents;

14  b.  One completed summons;

15  c.  One completed USM-285 form for each defendant listed in number 3

16  above; and

17  d.  Four copies of the endorsed complaint filed on April 30, 2002.

18  6.  Plaintiff shall not attempt service on the defendants and shall not request

19  waiver of service of summons.  Upon receipt of the above-described documents, the court will

20  direct the United States Marshal to effect service on the above-named defendants pursuant to

21  Federal Rule of Civil Procedure 4 without payment of costs.

22  DATED:  June _11_, 2002.

23

24

25  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

DAD:kw
26  wilk0952.1j

United States District Court
for the
Eastern District of California
June 12, 2002


* * CERTIFICATE OF SERVICE * *


2:02-cv-00952


Wilkes

    v.

Sacramento Sheriff

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  June 12, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


    Jeffrey Jerome Wilkes              PB/DAD
    816777
    SCJ-SAC
    Sacramento County Jail
    651 I Street
    Sacramento, CA  95814
    (w/3 USM-285 forms, 1 summons
    instr sheet, copy of cmp and
    ntc of subm of docs)


                                     Jack L. Wagner, Clerk

                                 BY:
                                     Deputy Clerk